Filed 11/13/13  P. v. Barker CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058685 |
| v. | (Super.Ct.No. FVI08614) |
| CURTIS DASHAWN BARKER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Patrick E. DuNah, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Curtis Dashawn Barker appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the

Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 7, 2012)).[1]  Defendant filed a notice of appeal on May 8, 2013.  We affirm.

PROCEDURAL BACKGROUND

On June 8, 2000, defendant was convicted of second degree robbery.  (§ 211, count 1.)  The trial court found that he had two strike priors.  (§§ 1170.12, subd. (a)-(d) & 667, subd. (b)-(i).)  The court also found true the allegations that defendant had served two prior prison terms (§ 667.5, subd. (b)), and that he was convicted of two serious felonies within the meaning of section 667, subdivision (a)(1).  The court subsequently struck one of the prison priors and sentenced him to state prison for 25 years to life on count 1, plus 11 years on the enhancements.

On February 19, 2013, defendant filed a pro. per. petition for resentencing under section 1170.126.  The court denied the petition since defendant's current conviction was for a serious offense, which made him ineligible for resentencing under section 1170.126.  (§ 1170.126, subd. (e)(1).)

ANALYSIS

After the notice of appeal was filed, this court appointed counsel to represent defendant.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief statement of the facts, and identifying

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

one potential arguable issue: whether the trial court erred in denying defendant's petition for resentencing under section 1170.126.

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done. Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

J.

We concur:

RAMIREZ

P. J.

KING

J.

3